UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| UNITED STATES OF AMERICA, | * | CR 10-30021-RAL |
|---|---|---|
| Plaintiff, | * | |
| vs. | * | OPINION AND ORDER |
| | * | ADOPTING REPORT AND |
| THOMAS WILLIAM FREDERICK, | * | RECOMMENDATION AND |
| | * | DENYING MOTION TO |
| Defendant. | * | SUPPRESS AND MOTION IN |
| | | LIMINE |

## I. Introduction

Defendant, Thomas William Frederick, filed a joint Motion to Suppress and Motion in Limine (Doc. 57) concerning a taped telephone conversation between Defendant and J.F., one of the alleged victims in this case. Federal Bureau of Investigation Agent Oscar Ramirez ("Agent Ramirez") recorded the conversation, which took place on January 29, 2010. Defendant argues that the tape recordings do not satisfy the admissibility requirements of United States v. McMillan, 508 F.2d 102, 104 (8th Cir. 1974). Defendant also claims that the recordings violate 18 U.S.C. § 2510, et. seq. because Agent Ramirez failed to get consent from Defendant and because J.F. allegedly did not have the capacity to consent to have the conversation recorded.

The matter is before the Court on the Report and Recommendation (Doc. 118) of United States Magistrate Judge Mark A. Moreno. Magistrate Judge Moreno conducted an evidentiary hearing on July 8-9, 2010, and on September 3, 2010, recommended that Defendant's Motion to Suppress the tape recordings be denied. Copies of the Report and Recommendation were served

upon the parties as required by 28 U.S.C. § 636. In considering a magistrate judge's recommendation on a dispositive matter, such as a motion to suppress evidence, a district court must make a "de novo determination of those portions of the report or . . . recommendation to which objection is made." 28 U.S.C. § 636(b)(1). Defendant filed objections to the Report and Recommendation (Doc. 158) on September 17, 2010.

This Court has conducted a de novo review of the record and Defendant's objections. This Court overrules Defendant's objections and adopts the Report and Recommendation in full. Because Magistrate Judge Moreno did not decide whether the tape recordings satisfy the admissibility requirements of McMillan, this Court considers the issue in the following Opinion and Order.

## II. Defendant's Motion to Suppress

In Defendant's motion to suppress, he argued that because the alleged victim J.F. was only 14 years old at the time the phone conversation occured, she was legally incapable of consenting to Agent Ramirez's taping of the January 29, 2010, telephone conversation. Magistrate Judge Moreno disagreed and found that J.F. had the legal capacity to consent to the recording. Defendant now objects to the applicability of the cases the Magistrate Judge relied upon in determining that J.F. had the capacity to consent. This Court has reviewed the cases, and while some of them are factually dissimilar from Defendant's case, the cases support the legal propositions that minors can consent to having their telephone conversations taped and that there is no per se rule prohibiting them from doing so. See, e.g., Bryant v. Mostert, 636 F.Supp.2d 1303, 1312-14 (M.D. Fla. 2009); United States v. Rios, 48 M.J. 261, 265 (C.A.A.F. 1998), cert denied, 525 U.S. 1156 (1999); State v. Bell, No CA2008-05-044, 2009 WL 1395857 at **1, 7

(Ohio Ct. App. May 18, 2009); State in re J.D.H., 795 A.2d 851, 855-56 (N.J. 2002); Malone v. State, 541 S.E.2d 431, 432 (Ga. App. 2000); People v. Herrington, 645 N.E. 2d 957 (Ill. 1994); State v. Smart, 622 A.2d 1197, 1212-13 (N.H. 1993), cert. denied, 510 U.S. 917 (1993); Legg v. State, 428 S.E.2d 87, 88 (Ga. App. 1993). Further, Defendant cites no case supporting the proposition that minors may never consent to have their telephone conversations recorded. Therefore, Defendant's objection on this point is overruled.

Defendant also objects to the Magistrate Judge's finding that, based on the totality of the circumstances, J.F. did in fact consent to the recording of her telephone conversation. In making this objection, Defendant argues that the Magistrate Judge erred in finding credible Agent Ramirez's testimony that J.F. consented to have her telephone call recorded.

Defendant argues that the Magistrate Judge should have lent more credence to the testimony of J.F.'s mother, Kathleen Frederick. However, Kathleen Frederick was not present during the January 29, 2010, meeting between Agent Ramirez and J.F. (T. 95). A magistrate judge's finding that a witness's testimony is credible is entitled to great deference. See United States v. Schaffer, 608 F.3d 1056, 1065 (8th Cir. 2010) ("A credibility finding made by a magistrate judge 'after a hearing on the merits of a motion to suppress is virtually unassailable on appeal.'") (quoting United States v. Starr, 533 F.3d 985, 995 (8th Cir. 2008)); United States v. Lockett, 393 F.3d 834, 837-38 (8th Cir. 2005) ("[A] magistrate's finding that the [witness'] testimony was believable is deserving of deference.") (citations omitted). This Court has reviewed the transcript of the Motion to Suppress Hearing in its entirety and agrees with the Magistrate Judge on his determinations of credibility. The record establishes that J.F. consented to the recording. These objections are thus overruled.

## III. Defendant's Motion in Limine pertaining to the McMillan factors.

Defendant argues that the taped telephone conversation is inadmissible because of its unreliability. The admission of tape recordings is "within the sound discretion of the trial court." United States v. Webster, 84 F.3d 1056, 1064 (8th Cir. 1996) (internal quotations omitted) (citing United States v. Martinez, 951 F.2d 887, 888 (8th Cir. 1991)). Before a district court admits a tape recording into evidence, "the Government must make a prima facie showing of the tape's trustworthiness." Webster, 84 F.3d at 1064. When deciding whether the Government has met this foundational burden, the court should consider "several nonexclusive factors." United States v. Oslund, 453 F.3d 1048, 1054 (8th Cir. 2006) (citing United States v. McMillan, 508 F.2d 101, 104 (8th Cir. 1974)). These factors include:

> (1) That the recording device was capable of taking the conversation now offered into evidence. (2) That the operator of the device was competent to operate the device. (3) That the recording is authentic and correct. (4) That changes, additions or deletions have not been made in the recording. (5) That the recording has been preserved in a manner that is shown to the court. (6) That the speakers are identified. (7) That the conversation elicited was made voluntarily and in good faith, without any kind of inducement.

Oslund, 453 F.3d at 1054 (citing McMillan, 508 F.2d at 104).

While these factors are helpful in determining whether a tape recording is reliable, they are merely guidelines, and the Government need not make a showing under each factor no matter the circumstances. Oslund, 453 F.3d at 1054 (explaining that the McMillian factors are not "a rigid set of tests to be satisfied."). A court's consideration of a particular factor depends upon the facts of the case before it. Id. (explaining that the McMillan factors "become meaningful only when viewed in light of the facts of a specific case.") (citations omitted).

4

In the present case, Defendant makes three main arguments under McMillan. First, Defendant argues that J.F did not make the taped telephone conversation voluntarily. Because this Court adopts the Magistrate Judge's finding that J.F. voluntarily consented to the recording, it is unnecessary to again address this issue.

Second, Defendant argues that Agent Ramirez used recording devices that were incapable of recording Defendant's conversation with J.F. This argument is unpersuasive, as "[t]he very fact that the tape recordings exist establishes that the recording device was capable of picking up sounds and taking the conversation offered." United States v. Henderson, 440 F.3d 453, 457 (8th Cir. 2006) (citing United States v. McCowan, 706 F.2d 863, 865 (8th Cir. 1983)). Defendant's argument under this prong of McMillan does not justify excluding the tape recording.

Defendant's third McMillan argument also lacks merit. Defendant claims Agent Ramirez may have spliced and dubbed two or more recordings of the January 29, 2010, conversation, so that he could produce one "legible tape." At the Motion to Suppress Hearing, Agent Ramirez specifically testified that he had not spliced, dubbed, or enhanced the recording of Defendant's conversation with J.F. in any way. (T. 64-65). Further, Defendant has offered no evidence in support of this argument.

Based upon Agent Ramirez's testimony, which the Magistrate Judge found credible, this Court finds as a preliminary matter that the McMillan factors support admission of the taped phone conversation. Agent Ramirez was present during the January 29, 2010, telephone conversation, and could clearly hear both Defendant and J.F.. (T. 61). At the Motion to Suppress hearing, Agent Ramirez identified J.F. and Defendant as the two voices on the recording, and testified that the recording was an accurate representation of the January 29, 2010,

5

conversation. (T. 62). Agent Ramirez also explained how he had preserved the recording. (T. 66). Finally, "the existence of the audiotapes establishes . . . that the individual who made the audiotapes was sufficiently skilled in the operation of the recording equipment." United States v. Byrne, 83 F.3d 984, 990 (8th Cir. 1996). This Court denies Defendant's motion in limine seeking to preclude the taped phone conversation, and the taped phone conversation will be admissible if at trial the Government lays appropriate foundation for admission of the tape under the McMillan factors, which the Government appears able to do.

Finally, Defendant argues that the recordings are inaudible to the point of being untrustworthy. See Webster, 84 F.3d at 1064 ("Even when the Government satisfactorily clears the McMillan hurdle, the defendant may still prevent admission of the tape by proving that it is inaccurate because of inaudibility or some other infirmity.") (citations omitted). "A partially inaudible recording will be inadmissible where the defendant establishes that the unintelligible portions are so substantial, in view of the purposes for which the tape is offered, as to render the recording as a whole untrustworthy." Id. (citations omitted). This Court has listened to the tape recordings. The inaudible portions of the recordings do not render the tape inadmissible. During portions of the tape, J.F. is hard to hear or understand because she sounds as if she is crying or at least is very emotional. However, Defendant asks her to repeat herself, J.F. does so at times, and the conversation is sufficiently audible to be understood. See United States v. Bell, 651 F.2d 1255, 1259 (8th Cir. 1981) (upholding a district court's decision to admit partially inaudible tape recordings and noting that "the admission into evidence of tape recordings containing inaudible portions is a matter within the sound discretion of the trial court . . ."). The tape recordings of the January 29, 2010, conversation between Defendant and J.F. thus appear to be admissible.

Therefore, it is

ORDERED that the Report and Recommendation (Doc. 118) is adopted in full by the Court. It is further

ORDERED that Defendant's objections to the Report and Recommendation are overruled. Finally, it is

ORDERED that Defendant's Motion to Suppress and Motion in Limine to Suppress Tape Recording (Doc. 57) is denied.

Dated September 28, 2010.

BY THE COURT:

_____
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE