UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR 10-30021-RAL |
| | * | |
| Plaintiff, | * | |
| | * | OPINION AND ORDER |
| vs. | * | ON DEFENDANT'S MOTION |
| | * | FOR DISCOVERY OF LAW |
| THOMAS WILLIAM FREDERICK, | * | OFFICER'S FIELD NOTES |
| | * | |
| Defendant. | * | |

## I. Introduction

Defendant filed a Motion for Discovery of all Field Notes Prepared by the FBI Agent and any other Law Enforcement Officers Involved in Interviewing the Alleged Victims J.F. and W.F. (Doc. 126). In particular, the motion seeks the field notes of Federal Bureau of Investigation Agent Oscar Ramirez ("Agent Ramirez") from interviews of J.F. that he later used to write "302 reports." Defendant asserts that he is entitled to receive such notes under the Jencks Act, 18 U.S.C. § 3500 *et seq.*, Brady v. Maryland, 373 U.S. 83 (1963), and Rule 16 of the Federal Rules of Criminal Procedure. Defendant has received the "302 reports," but mistrusts Agent Ramirez and wants his field notes as well.

## II. Jencks Act

"The Jencks Act requires the district court, on the motion of a defendant, to produce any 'statements' of a government witness that relate to the subject matter of the witness's testimony, after the witness has testified on direct examination." United States v. New, 491 F.3d 369, 376 (8th Cir. 2007). The Act defines the "statements" to which it applies as, in pertinent part:

> (1) a written statement made by said witness and signed or otherwise adopted or approved by him;
> (2) a stenographic, mechanical, electrical or other recording, or a transcription thereof, which is a substantially verbatim recital of an

>    oral statement made by said witness and recorded
>    contemporaneously with the making of such oral statement...

18 U.S.C. § 3500(e)(1)-(2).

Here, Defendant has offered no evidence that J.F. signed or adopted Agent Ramirez's field notes, and he does not claim that the notes are a "substantially verbatim recital" of the interview with J.F. Therefore, it is doubtful that the Jencks Act requires the Government to produce Agent Ramirez's field notes. See United States v. Willis, 997 F.2d 407, 413-14 (8th Cir. 1993) (holding that a defendant requesting FBI 302 reports under Jencks Act had failed to raise a colorable claim where defendant had not offered any evidence that the witness in question had adopted the 302 reports or that the 302 reports contained substantially verbatim statements of the witness); United States v. Finnigan, 504 F.2d 1355, 1356-57 (8th Cir. 1974) (holding that the Jencks Act did not require the production of an officer's field notes pertaining to interviews with witnesses when the witnesses had not adopted the notes and the notes were not a verbatim recital of the witnesses' oral statements to the officer).

## III. Brady Material

In Brady v. Maryland, 373 U.S. 83 (1963), the United States Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material to either guilt or punishment, irrespective of the good faith or bad faith of the prosecution." Id. at 87. Evidence is material under Brady if there is "a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." United States v. Ryan, 153 F.3d 708, 712 (8th Cir. 1998) (citing Kyles v. Whitley, 514 U.S. 419, 433-34 (1995)).

2

In the present case, Defendant argues that Agent Ramirez's field notes may differ from the 302 reports that the Government provided to Defendant. Because this Court has yet to see Agent Ramirez's field notes concerning his interview with J.F., the Court will review the notes and the 302 reports in camera to determine whether the notes contain any Brady material not found in the 302 reports. See United States v. Boykin, 986 F.2d 270, 276 n.2 (8th Cir. 1993) ("We note that it is common practice for the court to view in camera information which the prosecutor possesses to determine whether it is Brady material which must be disclosed.") (citations omitted).

## IV. Federal Rule of Criminal Procedure 16

Federal Rule of Criminal Procedure 16 lists the types of information that the Government must disclose to defendants during discovery. Two subsections of Rule 16 are relevant to Defendant's Motion for Discovery, the first being subsection 16(a)(1)(E). Rule 16(a)(1)(E) provides in pertinent part that:

> Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph . . . documents . . . if the item is within the government's possession, custody, or control and:
>     (I) the item is material to preparing the defense
>     (ii) the government intends to use the item in its case in chief at trial; or
>     (iii) the item was obtained from or belongs to the defendant.

Fed. R. Crim. P. 16(a)(1)(E).

Here, Defendant argues that Agent Ramirez's field notes are discoverable under Rule 16(a)(1)(E) because the notes are material to the defense of his case. The scope of discovery under Rule 16(a)(1)(E), however, is limited by Rule 16(a)(2). Rule 16(a)(2) reads: "Except as Rule 16(a)(1) provides otherwise, this rule does not authorize the discovery or inspection of

3

reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case. Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500." Fed. R. Crim. P. 16(a)(2). While the first clause of Rule 16(a)(2) may appear to exempt from its discovery restrictions those items listed in Rule 16(a)(1)(E), this Court agrees with the reasoning of the court in United States v. Rudolph, 224 F.R.D. 503 (N.D. Ala. 2004). In Rudolph, the district court considered whether items described in Rule 16(a)(1)(e) were exempt from the discovery restrictions of Rule 16(a)(2). The court in Rudolph engaged in an analysis of Rule 16's purpose, history, and amendments and determined that any disharmony between Rule 16(a)(2) and Rule 16(a)(1)(E) was the result of a "scrivener's error." Id. The court thus concluded that Rule 16(a)(2) does limit discovery, and that a defendant cannot discover information protected by Rule 16(a)(2) even though the information falls within Rule 16(a)(1)(E). Id. at 511. see also United States v. Fort, 472 F.3d 1106, 1110 n.2 (9th Cir. 2007) (agreeing with the Rudolph court's analysis).

Agent Ramirez's field notes of his interview with J.F., a prospective government witness, are not "statements" for purposes of 18 U.S.C. § 3500. See United States v. Malone, 49 F.3d 393, 396 (8th Cir. 1995) (holding that government's failure to turn over a Secret Service Agent's notes from an interview with a government witness was not a violation of Rule 16 because the agent's notes "constitute the agent's impression of his interview with [the witness], not a statement by the [the witness]."). Agent Ramirez's notes are thus exempted from discovery by Rule 16(a)(2).

## V. Conclusion and Order

Therefore, it is

ORDERED that Defendant's Motion for Discovery of all Field Notes Prepared by the FBI Agent and Any Other Law Enforcement Officers Involved in Interviewing the Alleged Victims J.F. and W.F. (Doc. 126) is denied, except to the extent that the Government is required to provide to the Court for in camera review all field notes of Agent Ramirez and all 302 reports regarding interviews with J.F. and W.F. related to the investigation of this case.

Dated October 5, 2010.

BY THE COURT:

_____
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE